**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **DREW ROICKI** | § | |
|     **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | **Civil Action 5:17-cv-00584** |
| | § | |
| | § | |
| | § | |
| **CHARTER COMMUNICATIONS,** | § | |
| **INC. f/k/a Time Warner Cable, Inc.** | § | |
|     **Defendant.** | § | |

**DREW ROICKI'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

    Plaintiff Drew Roicki (hereinafter "ROICKI") files this Complaint and for cause of action will show the following:

INTRODUCTION

1.    Plaintiff brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of CHARTER COMMUNICATIONS, INC. ("CHARTER" or "Defendant") and its present, former, and/or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or related entities, subsidiaries and agents referred to collectively as "Defendant", in negligently and/or willfully contacting Plaintiff on Plaintiff's cellular telephone without his prior express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"). Plaintiff allege as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including his own investigation into this matter.

## PARTIES

2.      The Plaintiff is a natural person who resides and did reside in the Western District of Texas at all relevant times.

3.      Plaintiff is, and at all times mentioned herein was, "a person" as defined by 47 U.S.C. § 153 (39).

4.      Defendant CHARTER is a telecommunications company that currently operates in the Western District of Texas under the brand name Spectrum. In May 2016, CHARTER merged and/or acquired Time Warner Cable, Inc. Defendant CHARTER may be served with process by serving CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

## JURISDICTION AND VENUE

5.      The Court has original jurisdiction over this controversy under 28 U.S.C. § 1331. Venue is proper in the United States District Court for the Western District of Texas pursuant to 18 U.S.C. § 1391(b)-(c) because Defendant does business within the Western District of Texas and the named Plaintiff resides within the Western District of Texas.

## FACTUAL ALLEGATIONS

6.      Plaintiff Roicki was a Time Warner Cable subscriber (all former Time Warner customers now purchase the identical telecommunications services from "Spectrum" as a result of the merger between Defendant CHARTER and Time Warner Cable, Inc.) during all times relevant to this cause of action.

7.      In the fall of 2016, Plaintiff Roicki had some difficulty making payments for the telecommunications services he received from CHARTER. During that same time period, CHARTER began a campaign of harassment by telephone in an effort to collect on the late

payments. CHARTER would call his home and Plaintiff's cell phone in sequence at multiple times per day.

8.  CHARTER contacted Plaintiff on his cellular telephone via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(l) and used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(l)(A). Such calls requested that Plaintiff make payment on his account and/or bring the account current, and such calls were made repeatedly to his cell phone. Those calls by CHARTER were received by Plaintiff on his cell phone at least several times a week, often multiple times per day.

9.  Through its agents, CHARTER employs persons to direct the placement of such automated calls to its customers. These agents of the Defendant use automatic telephone dialing systems and computerized account information to track, record, and maintain the millions of accounts for CHARTER customers.

10. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing and debt collection practices. The TCPA regulates, *inter alia*, the use of automated dialing systems. Specifically, section 227(b)(1)(A)(iii) prohibits the use of auto dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

11. 47 U.S.C. 227(b) states in pertinent part:

> **(b) Restrictions on use of automated telephone equipment**
> (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> > (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> > > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

3

> (3) Private right of action. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
> > (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> > (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> > (C) both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (B) of this paragraph.

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. Rules and *Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Red 14014 (2003).

13. On January 4, 2008, the FCC issued a Declaratory Ruling confirming that autodialed and prerecorded message calls to a wireless number by a creditor or on behalf of a creditor are permitted only if the calls are made with the "prior express consent" of the called party. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Red. 559, 43 Communications Reg. (P&F) 877, 2008 WL65485 (F.C.C.) (2008).

14. Defendant acted willfully or knowingly or both in calling numbers using an auto dialer without regard to the TCPA or whether the number was assigned to a cellular telephone.

15. The Defendant acted willfully because Mr. Roicki gave notice that he did not wish to be contacted by any automatic telephone dialing system or an artificial or prerecorded voice via his

cellular phone on multiple occasions. On September 20, 2016, Mr. Roicki caused a certified mail return receipt letter to be sent to Defendant that clearly indicated that Mr. Roicki did not wish to be contacted by the Defendant on his cellular phone. Further, on October 25, 2016, received a call from a representative of the Defendant who informed him that the call was to collect a debt and that the call was being recorded. During that recorded call, Mr. Roicki clearly and unequivocally reiterated to the Defendant that it did not have consent to call his cellular phone using an automatic telephone dialing system. Based on this indisputable evidence, there is no doubt that Mr. Roicki did not consent to be auto-dialed on his cellular phone.

16. Despite the direct requests by Mr. Roicki that he not be contacted via his cellular phone in violation of the TCPA the Defendant and/or its representatives, contractors, or agents, proceeded to make at least an additional 122 calls to Mr. Roicki's cellular telephone using an automatic telephone dialing system. These numerous calls were made in willful violation of the TCPA because each of them was made **after** Mr. Roicki expressly stated to a representative of the Defendant on a recorded call that the Defendant did not have permission to call his cellular phone using an automatic telephone dialing system.

17. On information and belief, CHARTER made such calls to Plaintiff's cellular telephone to service and collect Plaintiff's outstanding debt to Defendant.

18. CHARTER engaged in collection efforts and while doing so, and committed TCPA violations.

19. Here, CHARTER had direct communication with Plaintiff during the commission of the TCPA violations alleged herein.

20.     All telephone contact by CHARTER to Plaintiff on his cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(l), and all calls that are the subject of this Complaint occurred within four years of the filing of this complaint.

21.     Defendant is, and at all times mentioned herein was, a corporation and as such is/was a "person," as defined by 47 U.S.C. § 153 (39). Plaintiff hereby asserts that at all times mentioned in this Complaint, any representative with whom he had contact was an agents and/or employee CHARTER, and in doing the things alleged in this Complaint, were acting within the course and scope of that agency and employment.

22.     At all times relevant, Plaintiff is an individual residing within the State of Texas.

23.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

24.     This lawsuit seeks statutory damages for the TCPA violations committed by CHARTER.

25.     As alleged herein, CHARTER repeatedly violated the TCPA, 47 U.S.C. § 227 et seq., by negligently and/or willfully contacting Plaintiff on Plaintiff's cellular telephone.

26.     During these telephone calls CHARTER used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(l)(A).

27.     The telephone numbers on which CHARTER called Plaintiff with a "prerecorded voice" made by an "automatic telephone dialing system" was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

28.     These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(l)(A)(i).

29. Plaintiff did not provide prior express consent at any time to CHARTER to receive calls made to his cell phone with an auto dialer and/or with prerecorded voice messages, pursuant to 47 U.S.C. § 227 (b)(l)(A).

30. These telephone calls by CHARTER to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(l).

31. In calling Plaintiff on his cellular telephone lines dozens of times at multiple times per day, CHARTER violated 47 U.S.C. 227(b).

32. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on CHARTER to demonstrate that Plaintiff provided express consent within the meaning of the statute.[1]

## FIRST CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of CHARTER in making the calls to the cell phone of Plaintiff, constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

35. As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

---

[1] See FCC Declaratory Ruling, 23 F.C.C.R. at 565 (paragraph 10).

36. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

37. Plaintiff is also entitled to an award of attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.

38. Plaintiff incorporates by reference the above paragraphs 1 through 37, inclusive, of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of CHARTER in making the calls to the cell phones of Plaintiff, constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

40. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

41. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

42. Plaintiff is also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully request the Court grant Plaintiff the following relief against Defendants, and each of them:

## FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(l), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- An award of attorneys' fees and costs to counsel for Plaintiff.

- Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(l), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b) (3)(B) and 47 U.S.C. § 227(b)(3)(C).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- An award of attorneys' fees and costs to counsel for Plaintiff.

- Any other relief the Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff requests a trial by jury

Respectfully Submitted,

THE CORTEZ LAW FIRM
14436 Old Bandera Road
San Antonio, Texas 78023
Telephone No.: (210) 273-2277
Facsimile No.: (210) 579-1218
adam@cortezlawfirm.com

By: <u>/s/ Adam C. Cortez</u>
 **ADAM C. CORTEZ**
 Attorney in Charge
 State Bar No.: 04844650