UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DREW ROICKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 5:17-CV-00584-OLG |
| | ) |
| CHARTER COMMUNICATIONS, INC. | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
<u>PLAINTIFF'S AMENDED ORIGINAL COMPLAINT</u>**

COMES NOW Defendant Charter Communications, Inc. ("<u>Charter</u>"), by and through its attorneys, and for its Answer and Affirmative Defenses to the Amended Original Complaint ("<u>Complaint</u>") of Plaintiff Drew Roicki ("<u>Plaintiff</u>"), states as follows:

### INTRODUCTION

1.  Charter admits only that Plaintiff purports to bring this lawsuit against Charter and independent third parties under the Telephone Consumer Protection Act ("<u>TCPA</u>") (47 U.S.C. § 227). Charter specifically denies that it violated the TCPA and that it is liable to Plaintiff in any way. Charter states that the remaining allegations in Paragraph 1 constitute legal conclusions to which no response is required. To the extent a response is required, Charter denies any remaining allegations in Paragraph 1.

### PARTIES

2.  Charter is without sufficient knowledge or information to admit or deny the allegations in Paragraph 2 and demands strict proof thereof.

3. The allegations of Paragraph 3 contain only legal conclusions which do not require an answer. To the extent a response is required, Charter is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and demands strict proof thereof.

4. Charter admits only that it is a corporate entity that has certain business interests in the Western District of Texas, that it utilizes the brand "Spectrum," that it acquired certain interests from Time Warner Cable, Inc., and that it has a registered agent for service of process. Charter denies the remaining allegations in Paragraph 4.

5. Charter is without sufficient knowledge or information to admit or deny the allegations in Paragraph 5 and demands strict proof thereof.

6. Charter is without sufficient knowledge or information to admit or deny the allegations in Paragraph 6 and demands strict proof thereof.

7. Charter is without sufficient knowledge or information to admit or deny the allegations in Paragraph 7 and demands strict proof thereof.

### JURISDICTION AND VENUE

8. Charter states that the allegations in Paragraph 8 constitute legal conclusions to which no response is required. To the extent a response is required, Charter admits this action arises under 47 U.S.C. § 227, a federal statute, and that this Court has subject matter jurisdiction under 28 U.S.C. § 1331. Charter further admits that it has certain business interests in the Western District of Texas. Answering further, Charter is without sufficient knowledge or information to admit or deny the remaining allegations in this paragraph and therefore denies the allegations in Paragraph 8.

**FACTUAL ALLEGATIONS**

9. Charter admits only that it acquired certain interests from Time Warner Cable, Inc., that many former Time Warner Cable, Inc. subscribers are now Charter customers, and that Plaintiff was a customer. Answering further, Charter is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 9 and demands strict proof thereof.

10. Charter admits that Plaintiff was a customer and that his accounts were delinquent. Charter specifically denies that it began a "campaign of harassment" directed at Plaintiff. Charter specifically denies that it is responsible for calls made by third parties. Answering further, Charter is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 10 and demands strict proof thereof.

11. Charter denies the allegations in Paragraph 11.

12. Charter denies the allegations in Paragraph 12.

13. The allegations in Paragraph 13 constitute legal conclusions to which no response is required. To the extent a response is required, Charter is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 and demands strict proof thereof.

14. The allegations in Paragraph 14 constitute legal conclusions to which no response is required. To the extent a response is required, Charter is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 and demands strict proof thereof.

15. The allegations in Paragraph 15 constitute legal conclusions to which no response is required. To the extent a response is required, Charter is without sufficient knowledge or

information to form a belief as to the truth of the allegations in Paragraph 15 and demands strict proof thereof.

16. The allegations in Paragraph 16 constitute legal conclusions to which no response is required. To the extent a response is required, Charter is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 and demands strict proof thereof.

17. Charter denies the allegations in Paragraph 17.

18. Charter denies that it willfully violated the TCPA. Based on its investigation to date, Charter further denies receiving any written request by Plaintiff not to be contacted. Answering further, Charter is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 18 and demands strict proof thereof.

19. Charter denies that it violated the TCPA or that any alleged violations were willful. Charter further denies using an automatic telephone dialing system. Charter further denies making 122 calls of any type after Plaintiff requested that calls cease. Answering further, Charter is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 19 and demands strict proof thereof.

20. Charter denies it made the calls at issue. Answering further, Charter is without sufficient knowledge or information to admit or deny the allegations in Paragraph 20 and demands strict proof thereof.

21. Charter denies the allegations in Paragraph 21.

22. Charter denies the allegations in Paragraph 22.

23. Charter denies the allegations in Paragraph 23.

24. The allegations in Paragraph 24 constitute legal conclusions to which no response is required. To the extent a response is required, Charter admits only that it is a corporation. Answering further, Charter is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 24 and demands strict proof thereof.

25. Charter is without sufficient knowledge or information to admit or deny the allegations in Paragraph 25 and demands strict proof thereof.

26. The allegations in Paragraph 26 constitute legal conclusions to which no response is required. To the extent a response is required, Charter is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 and demands strict proof thereof.

27. Charter admits only that Plaintiff alleges violations of the TCPA and seeks statutory damages. Charter denies it violated the TCPA and denies that Plaintiff is entitled to any relief.

28. Charter denies the allegations in Paragraph 28.

29. Charter denies the allegations in Paragraph 29.

30. Charter denies the allegations in Paragraph 30.

31. Charter admits only that no calls placed by it were for "emergency purposes." The remaining allegations in Paragraph 31 constitute legal conclusions to which no response is required. To the extent a response is required, Charter is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 and demands strict proof thereof.

32. The allegations in Paragraph 32 constitute legal conclusions to which no response is required. To the extent a response is required, Charter states that it believes it had Plaintiff's consent to be contacted regarding an account. Answering further, Charter is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 and demands strict proof thereof.

33. The allegations in Paragraph 33 constitute legal conclusions to which no response is required. To the extent a response is required, Charter states that it believes it had Plaintiff's consent to be contacted regarding an account. Answering further, Charter is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 and demands strict proof thereof.

34. Charter denies the allegations in Paragraph 34.

35. The allegations in Paragraph 35 constitute legal conclusions to which no response is required. To the extent a response is required, Charter states that it believes it had Plaintiff's consent to be contacted regarding an account. Answering further, Charter is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 and demands strict proof thereof.

## FIRST CAUSE OF ACTION

36. Charter restates and incorporates by reference its answers to Paragraphs 1 through 35 of Plaintiff's Complaint as though fully set forth herein.

37. Charter denies the allegations in Paragraph 37.

38. Charter denies the allegations in Paragraph 38.

39. Charter denies the allegations in Paragraph 39.

40. Charter denies the allegations in Paragraph 40.

## SECOND CAUSE OF ACTION

41. Charter restates and incorporates by reference its answers to Paragraphs 1 through 40 of Plaintiffs' Complaint as though fully set forth herein.

42. Charter denies the allegations in Paragraph 42.

43. Charter denies the allegations in Paragraph 43.

44. Charter denies the allegations in Paragraph 44.

45. Charter denies the allegations in Paragraph 45.

## PRAYER FOR RELIEF

WHEREFORE, Charter denies that Plaintiff is entitled to any relief whatsoever, including statutory damages, enhanced statutory damages, injunctive relief, attorneys' fees, or costs, and therefore denies that any relief should be awarded pursuant to Plaintiff's *ad damnum* clause (or "Wherefore" clause) at the end of the Amended Original Complaint.

## DEMAND FOR JURY TRIAL

Charter admits that Plaintiff demands a jury trial, but denies that there are any triable issues.

## DEFENSES AND AFFIRMATIVE DEFENSES

While Charter denies the allegations of the Amended Original Complaint ("Complaint") as stated above, it raises the following additional defenses. Inclusion of such defenses is not intended to shift the burdens of proof or persuasion imposed by law. Moreover, inclusion of these defenses shall not be deemed an admission of liability, damages, or other essential elements of Plaintiffs' claims, but rather as alternative or additional defenses that may bar or otherwise limit recovery.

## FIRST AFFIRMATIVE DEFENSE

The Complaint and each purported cause of action contained therein fails to state a claim

against Charter upon which relief can be granted because Charter did not make all of the calls at issue, Charter did not utilize an automatic telephone dialing system ("ATDS") to contact Plaintiff, Charter is not legally responsible for the alleged violations at issue under agency or vicarious liability principles, the calls at issue were made by independent third parties using telephone systems that, upon information and belief, do not qualify as an ATDS, the calls to Plaintiff were made with consent, Plaintiff did not revoke consent, and Plaintiff suffered no concrete injury.

## SECOND AFFIRMATIVE DEFENSE

The Complaint and each purported cause of action contained therein is barred to the extent that Charter was provided with consent for the alleged calls, including, without limitation, "prior express consent" under the Telephone Consumer Protection Act ("TCPA").

## THIRD AFFIRMATIVE DEFENSE

Interpretations of the TCPA upon which Plaintiff's Complaint is based, including but not limited to the FCC Omnibus Order of July 10, 2015, are unconstitutionally vague and overbroad and thus violate the due process clause of the Fifth Amendment to the United States Constitution, and the due process provisions of the Fourteenth Amendment to the United States Constitution. Moreover, aspects of the FCC Omnibus Order of July 10, 2015 are currently the subject of an appeal pending before the D.C. Circuit in *ACA International v. FCC*, No. 15-1211 (D.C. Cir.).

## FOURTH AFFIRMATIVE DEFENSE

Any purported damages to Plaintiff, which Charter continues to deny, are the result of the acts or omissions of persons or entities over whom Charter has neither control nor responsibility.

## FIFTH AFFIRMATIVE DEFENSE

The statutory penalties sought by Plaintiff are excessive and thus violate the due process clause of the Fifth Amendment to the United States Constitution, and the due process provision of

the Fourteenth Amendment to the United States Constitution.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's TCPA claims are barred by the doctrines of waiver, estoppel, and privilege because Charter was provided with prior express consent for the calls, under 47 U.S.C. § 227(b)(1)(A). Consistent with Federal Communications Commission ("FCC") interpretations and decisions, there is no liability for the calls at issue because of prior express consent.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no injury and does not have standing to assert TCPA claims against Charter. Plaintiff has suffered no injury-in-fact and does not have standing to assert TCPA claims against Charter. *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016).

### EIGHTH AFFIRMATIVE DEFENSE

The matters that are the subject of the Complaint and the actions therein complained of are attributable to third parties over whom Charter had no control or right to control, and recovery is therefore barred or proportionately reduced accordingly.

### NINTH AFFIRMATIVE DEFENSE

Charter is not liable to Plaintiff because Charter acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

### TENTH AFFIRMATIVE DEFENSE

Charter is not liable to Plaintiff because Charter did not use an ATDS as defined under 47 U.S.C. § 227. Upon information and belief, no calls placed to Plaintiff by third parties utilized an ATDS as defined under 47 U.S.C. § 227.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from any enhanced statutory damages from Charter for alleged

violations of the TCPA because any such violations (which Charter denies occurred) were not willfully or knowingly made by Charter or, alternatively, were made by independent third parties without Charter's knowledge.

### TWELFTH AFFIRMATIVE DEFENSE

Charter did not authorize, ratify, encourage, participate in, aid, or abet any of the purported misconduct Plaintiff alleges.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent the calls at issue were made by third parties, Plaintiff did not and cannot allege an agency relationship or vicarious liability, much less the requisite control, to render Charter liable for the alleged violations at issue.

### FOURTEENTH AFFIRMATIVE DEFENSE

As applied, the TCPA violates the First Amendment of the United States Constitution because the provision of the TCPA on which Plaintiff relies contains impermissible speaker- and content-based restrictions on speech that cannot survive strict scrutiny.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Hobbs Act cannot be validly or constitutionally applied to preclude Charter from raising defenses to an action arising under the TCPA.

### SIXTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, the Complaint is barred, in whole or in part, or recovery should be reduced, under the equitable doctrines of laches and/or unclean hands.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent the Complaint seeks to hold Charter liable for calls placed by third parties, Charter incorporates by this reference any and all defenses to liability raised by those third parties.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Charter reserves the right to raise additional affirmative defenses to which it may be entitled or which may be developed in the course of discovery.

WHEREFORE, having fully answered the allegations in the Amended Original Complaint and setting forth its defenses thereto, Charter respectfully requests this Court enter judgment in its favor, dismiss the Complaint, award Charter its costs incurred in this action, and enter all other appropriate relief in favor of Charter.

Respectfully submitted,

LAW OFFICE OF MARC A. NOTZON, P.C.
120 Austin Highway, Suite 102
San Antonio, Texas 78209
(210) 821-5366
(210) 821-5334 FAX
marc@notzonatlaw.com

By: /s/ Marc A. Notzon
MARC A. NOTZON
State Bar No. 15119010
ATTORNEY FOR DEFENDANT
CHARTER COMMUNICATIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that, on this 26th day of January 2018, the attached Answer and Affirmative Defenses was filed electronically with the Clerk of the United States District Court, Western District of Texas. The Court's ECF system sent notice of filing to all registered attorneys of record.

/s/ Marc A. Notzon
MARC A. NOTZON